UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

FILED by __PC__ D.C.
JUN 0 2 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Jose G. Lozano
    Plaintiff,

15-CV-22095-Altonaga/White

.v.

COMPLAINT
Civil Action No.:_____

Dr. Julio Morales, M. D., Chief Health Officer,
Dade Correctional Institution,
Julie Jones, Secretary,
Florida Department of Corrections
Individually and in their official capacities,
    Defendants.
_____/

cat / div __550/1983/MIA__
Case # _____
Judge _____ Mag __WHITE__
Motn Ifp __YES__ Fee pd $ __0__
Receipt # _____

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. § 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202. Plaintiff requests monetary relief in a sum within the jurisdictional limits of this court.

2. This Court is the appropriate venue under 28 U.S.C. § 1391 (b) (2) because it is where the events giving rise to this claim occurred.

## II. PARTIES

**Plaintiff**

3. Plaintiff, Jose G. Lozano, is and was at all times mentioned herein a prisoner of the state of Florida in the custody of the Florida Department of Corrections (FDOC). He is currently confined in Okeechobee Correctional Institution in Okeechobee, Florida.

**Defendants**

4. Defendant, Julie Jones is the Secretary of Florida Department of Corrections 501 South Calhoun St. Tallahassee, Florida 32399-2500 and as such she is legally responsible for the overall operation of the FDOC and each institution under its jurisdiction, including Dade Correctional Institution.

5. Defendant, Dr. Julio Morales, M. D., was at all times mentioned herein the Chief Health Officer at Dade Correctional Institution 19000 S.W. 377th Street Florida City, Florida 33034, and as such was/is legally responsible for the overall operation of the medical department of Dade Correctional Institution.

6. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### III. FACTS

7. Prior to my incarceration in the Florida prison system I lived in the state of Texas. Due to medical problems I had been experiencing with my lower back, I had been receiving cortisone shots ordered by my family doctor Mr. Diaz-Royal, (Ph.# 361-552-6721), who also referred me to a specialist i.e., Dr. William Wager (Ph.# 361-575-6396), who subsequently determined that I needed hernia surgery. Doctor Wager ordered the surgery and provided me with temporary hernia support in preparation for the procedure.

8. Unfortunately, while waiting to receive the surgery, I was arrested on an outstanding detainer warrant from Florida, and subsequently extradited from Texas to the Florida prison system. Upon my completion of the reception process in Florida, I was then classified and transported to Dade Correctional Institution for permanent housing.

9. Upon my arrival to the Florida prison system I informed corrections officials of my pending medical problems, and of the treatment that I had been receiving due to my deteriorating physical condition, and I immediately requested

2

medical help at Dade Correctional Institution through the institutional "sick call" process. When I was interviewed by Dr. Morales I informed Dr. Morales that I needed to continue my cortisone treatments to my lower back and the treatment for my hernia. However, Dr. Morales refused me this treatment without giving any reason for his refusal.

10. As A result of Dr. Morales' refusal to continue a treatment regimen of cortisone injections or to provide any treatment for my hernia, my physical condition worsened, causing serious physical weaknesses. Because of my weakened and deteriorated physical condition, I suffered a fall that was a proximate cause of Dr. Morales' refusal to provide or continue my previously prescribed treatment. This fall resulted in my right knee being fractured.

11. When the fracture to my knee occurred, I went to the Dade C.I. medical department for help, but Dr. Morales' likewise failed to exercise a level of care, skill and treatment which, in light of all relevant circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers, in that Dr. Morales negligently failed to properly diagnose and treat my serious knee injury which has now healed improperly without a cast or treatment which has also resulted in permanent disfigurement, severe mobility limitations, and a great deal of pain and discomfort.

## IV. EXHAUSTION OF LEGAL REMEDIES

12. Plaintiff, Lozano used the prisoner grievance procedure available at Dade Correctional Institution to try and solve the problem. On **June 24, 2013**, Plaintiff presented Defendants an institutional formal grievance # 1306-463-134 containing the facts relating to this complaint. (**Exhibit A**). On **July 8, 2013**, Defendants responded to the formal grievance stating that the grievance had been denied. (**Exhibit B**). On **July 13, 2013** Plaintiff submitted formal grievance appeal # 13-6-22839 to Defendants Central Office Bureau of Policy Management and

3

Inmate Appeals at 501 South Calhoun St. Tallahassee, Florida 32399-2500. **(Exhibit C)**. On **August 30, 2013**, Defendants responded to the Central Office appeal and likewise as the institution stated that the grievance had been denied. **(Exhibit D)**.

## V. LEGAL CLAIMS

13. Plaintiff re-alleges and incorporates by reference each of the facts and matters set forth in paragraphs 1 through 12 of this complaint.

14. Defendant, Dr. Julio Morales, M. D., violated my eight Amendment rights by failing to provide me with appropriate medical care for a "serious medical need," which was created due in large part to Dr. Morales's failure to provide medical treatment for a medical condition which had been previously diagnosed by a physician as requiring mandatory cortisone treatment. "Serious medical need" is defined as "one that has been diagnosed [as here] by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognized the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F. 3d. 1176, 1187 (11th Cir. 1994). And the law is well settled that the medical need must be "one that, if left unattended 'poes[es] a substantial risk of serious harm." *Taylor v. Adams*, 221 f. 3d 1254, 1258 (11th Cir. 2000). In other words, if a doctor says that treatment is needed, or if the need is obvious, then it is probably "serious."

15. Due to Dr. Morales' failure to act or respond in an appropriate way to my fractured knee problems when brought to his attention constitutes deliberate indifference to my serious medical needs in violation of the Eighth Amendment to the United States Constitution and has resulted in my knee improperly healing without treatment or a cast. Moreover, as a direct result of Dr. Morales' failure to provide the complained of medical treatment, I now suffer from severe mobility limitations, and a great deal of pain and discomfort.

4

16. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been irreparably injured by the conduct of the Defendants described above.

**WHEREFORE**, Plaintiff respectfully prays that this court enter judgment granting Plaintiff:

17. A declaration that the acts and omissions described herein violated Plaintiff's rights under Constitution and laws of the United States;

18. A judgment for compensatory damages in a sum within the jurisdictional limits of this court, together with costs of suit, and any further relief as the court deems proper against each Defendant, jointly and severally;

19. Punitive damages in an amount within the jurisdictional limits of this court against each Defendant;

20. A jury trial on all issues triable by a jury; and

21. Any additional relief this court deems just, proper, and equitable.

Respectfully submitted,

Dated: 5-28-15

*Jose G Lozano*
Jose Guerrero Lozano, pro se
DC#766161 / Dorm# C3-209L
Okeechobee Correctional Institution
3420 N.E. 168th Street
Okeechobee, Florida 34972

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I Believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed ay Okeechobee, Florida on 5-28-15

*Jose J. Lozano*
Jose Guerrero Lozano, pro se

# Exhibit A

EX-A

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

Received
Asst. Warden's Office
JUN 27 2013
Dade Correctional Institution

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections
From: LAZANO JOSE G. 766161 Dade Correctional Institution
Last    First    Middle Initial    Number    Institution

Part A – Inmate Grievance    1306-463-134

This is a grievance of a medical nature authorizing the Complainant to bypass the informal step of the grievance process.

Prior to entering the Department of Corrections on May 3, 2013, the Complainant underwent surgery to his back due to several herniated discs. He subsequently re-injured his lower back and was receiving cortezone injections as treatment to prevent the need for further surgery to his back.

On May 19, 2013, the Complainant signed up for sick-call concerning his back injury and need for cortezone injections. He was examined by the doctor on May 24, 2013, and was issued a medical pass for low bunk, a cane, and no prolonged standing, but the doctor refused to order cortezone shots.

As a consequence of not receiving cortezone injections, on or about May 31, 2013, the Complainant's back gave out on him causing him to slip and fall resulting in severe injury and pain to his right knee.

On or about June 2, 2013, the Complainant again signed up for sick-call concerning his back and knee injury. He was issued a medical pass for low tier. He was examined by the doctor on June 7, 2013, who ordered X-rays of the Complainant's knee but refused to order an MRI of the Complainant's lower back, cortezone shots or back surgery. X-rays were taken of the Complainant's knee and ankle on June 18, 2013, which showed a fracture to the knee. He was again examined by the doctor on June 21, 2013, who submitted a referal to see an orthopedic specialist, but refused to order cortezone shots. The referal to an orthopedic specialist was approved June 24, 2013.

It is requested that cortezone injection treatment be ordered and that a referal for an MRI be submitted and approved to determine the condition and treatment needed for my lower back.

6-24-13
DATE

Jose A. Lazano 766161
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___/___
    # Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____  Institutional Mailing Log #: _____
    (Date)    (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY    CENTRAL OFFICE
    INMATE (2 Copies)    INMATE
    INMATE'S FILE    INMATE'S FILE - INSTITUTION/FACILITY
    INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
        CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 2/05)    Incorporated by Reference in Rule 33-103.006, F.A.C.

# Exhibit B

Ex. 13

## PART B - RESPONSE

| LOZANO, JOSE | 766161 | 1306-463-134 | DADE C.I. | H2222L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your formal grievance has been received and reviewed. You were seen by the medical provider at different times and alternant pain medication was ordered for your back pain not continued. One injection was indicated.

An orthotic consultation was approved for evaluation of your leg fracture. If you continue to have issues with your back please access sick call to evaluate pain medication.

Grievance denied.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC11-303, completing, and forwarding it with attachments to the Inmate Grievance Administrator, 501 South Calhoun Street Tallahassee, FL 32399-2500. If you do appeal, take the form and attachments to the mailroom receipting.

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL RECORD/CARE INFORMATION INTENDED FRO THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

DR. JULIO MORALES
MEDICAL DIRECTOR
DADE C.I.

7/8/13

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

MAILED
GRIEVANCE COORDINATOR
JUL 0 8 2013
DADE CORRECTIONAL INSTITUTION

Exhibit C

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From: LAZANO, JOSE G.   766161   Dade Correctional Institute
      Last  First  Middle Initial   Number   Institution

### Part A – Inmate Grievance

136-228.39

Prior to entering the Department of Corrections on May 3, 2013, the complainant underwent surgery to his back due to several herniated discs. He subsequently re-injured his lower back and was receiving cortezone injection treatment to prevent further injury, pain and surgery. The injections were discontinued after the Complainant entered DOC.

On May 19, 2013, the Complainant signed up for sick call concerning his back injuries and need for cortezone injection treatment. He was examined by the doctor on May 24, 2013, and was issued a medical pass for a low bunk and no prolong standing, but he was refused cortezone injection treatment. As a consequence, on or about May 31, 2013, the Complainant's back gave out causing him to slip and fall with resulting severe injury and pain to his right knee.

On June 2, 2013, the Complainant again signed up for sick call concerning his back injury. He was issued a medical pass for low tier on June 6, 2013, and was examined by the doctor on June 7, 2013, who ordered X-rays of the Complainant's right knee, but refused to order an MRI of the Complainant's lower back. The X-rays showed a fracture to the right knee. The Complainant was again examined by the doctor on June 21, 2013, who refused to order cortezone injection treatment or an MRI.

On June 24, 2013, the Complainant filed a formal grievance at the institutional level (Attached) requesting cortezone injection treatment and an MRI, which was denied on July 8, 2013, directing him to access sick call for pain medication. This response is inappropriate medical treatment. It is requested that a MRI be ordered to determine the condition of the Complainant's back injury and proper treatment, as well as cortezone injections.

7-13-13                          Jose B. Lozano 766161
DATE                             SIGNATURE OF GRIEVANT AND D.C. #

JUL 16 2013

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  0-1
                                                                       # / Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

1306(463)134

Submitted by the inmate on: _____  Institutional Mailing Log #: _____   (Received By)
                           (Date)

DISTRIBUTION:  INSTITUTION/FACILITY        CENTRAL OFFICE
               INMATE (2 Copies)           INMATE
               INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE CENTRAL OFFICE INMATE FILE
                                           CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 2/05)            Incorporated by Reference in Rule 33-103.006, F.A.C.

Exhibit
D

UNCIRCLED
WITH AGENCY CLERK

SEP 03 2013

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| LOZANO, JOSE | 766161 | 13-6-22839 | DADE C.I. | H2222L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Morales on 7/8/13 appropriately addresses the issues you presented.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing including specialty consults, medication prescriptions, diagnostic testing, or passes.

Records reviewed indicate that you were seen by the physician on 8/7/13.

You are encouraged to cooperate with your health care staff by following the treatment regimen prescribed.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

8/30/13
DATE

COPY DISTRIBUTION - INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Jose G. Lozano
    Plaintiff

.v.

                    SUMMONS
                    Civil Action No.:_____

Julie Jones, Secretary,
Dr. Julio Morales, M. D., Chief Health Officer,
Dade Correctional Institution,
Florida Department of Corrections
Individually and in their official capacities
    Defendants.
_____/

## TO THE ABOVE-NAMED DEFENDANTS

You are hereby summoned and required to serve upon the Plaintiff, whose address is Okeechobee Correctional Institution 3420 N. E. 168th Street Okeechobee, Fl 34972-4824 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Date:_____

Jose Lozano #T60161
Okeechobee Corr. Inst.
3420 N.E. 168th St.
Okeechobee, FL. 34972

Clerk of the Court
United States District Court
Southern District of Florida
400 North Miami Ave. - 8th Floor
Miami, FL. 33128

THIS MAIL ORIGINATED AT
OKEECHOBEE CORRECTIONAL
INSTITUTION

USMS INSPECTED
By _____

